UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN AVIS                                                                       PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:09-CV-00423

AMERICAN GREETINGS CORPORATION                       DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on the defendant's motion for summary judgment (DN 25). For the reasons set forth herein, the defendant's motion will be granted.

### BACKGROUND

On June 21, 2008, plaintiff John Avis injured his hand while working on a milling machine at the American Greetings manufacturing plant in Bardstown, Kentucky. Avis had been milling aluminum bars on the machine, which included as one of its components a fast-spinning drill chuck. Somehow, Avis' right hand came near the chuck, which grabbed his glove and pulled his hand into the machine. Avis' hand was injured, and two of his fingers had to be partially amputated. His pinky finger was removed to the second knuckle, and his ring finger was amputated just below the fingernail.

On the advice of his family doctor, Avis took two weeks off work following the incident, but returned to a light-duty job at American Greetings thereafter. Avis' doctor cleared him to return to full duties in his prior job as a machinist on September 17, 2008. Upon Avis' return to work, he was required to participate in a "Safety Performance Counseling," meeting relating to

the incident with the milling machine. As part of this meeting, Avis signed a document acknowledging that any future safety violations could result in discipline, including termination.

On October 25, 2008, a supervisor saw Avis and a co-worker, Rodger Bottoms, performing maintenance on a baler that had not been "locked out" or "tagged out."[1] The supervisor ordered Bottoms and Avis to lock the machine, and they did so. American Greetings' human resources department opened an investigation into the incident, and concluded that Bottoms and Avis had violated the lock-out/tag-out procedures. Avis and Bottoms were both terminated on November 10, 2008.

In May 2009, Avis filed this action in Nelson County, Kentucky Circuit Court, claiming that American Greetings was negligent and had violated the Kentucky Occupational Safety Act (KOSHA), KY. REV. STAT. § 338.031, because it failed to equip the milling machine with a safety device. Avis also makes a disability discrimination claim under the Kentucky Equal Opportunities Act ("KEOA"), KY. REV. STAT. § 207.130, *et seq.*, claiming that he was fired as the result of the partial loss of his fingers.[2] American Greetings has removed the action to this court on diversity grounds, and now moves for summary judgment.

**ANALYSIS**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact arises when there is "sufficient evidence on which

---

[1]The baler, according to the defendant, was used to grind, shred, and compact scrap paper into large bundles. The "lock-out/tag-out" procedure is a safety protocol under which employees de-energize machines before performing any maintenance tasks, presumably to prevent the machines from starting up while the employees are working on them.

[2]Avis does not raise any federal-law claims.

the jury could reasonably find for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). The disputed issue need not be resolved conclusively in favor of the non-moving party, but that party must present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). The evidence must be construed in the light most favorable to the non-moving party. *Blakeman v. Mead Containers*, 779 F.2d 1146, 1150 (6th Cir. 1985).

**I. Avis' Negligence Claim**

Subject to certain limited exceptions, employees who suffer on-the-job injuries in Kentucky may seek recourse only through workers' compensation. *See* KY. REV. STAT. § 342.690(1); *Ky. Employers Mut. Ins. v. Coleman*, 236 S.W.3d 9, 13 (Ky. 2007). If an employer is covered by workers' compensation insurance, the employer is immune from "liability arising from common law and statutory claims, meaning such claims cannot be pursued in the courts of this Commonwealth." *Coleman*, 236 S.W.3d at 13.

Avis argues that his negligence claim may go forward under KY. REV. STAT. § 342.700(1), which provides that if a third party other than the employer is responsible for the injury, the injured employee may elect to either claim workers' compensation or sue the third party, but may not collect damages from both. Avis claims that the failure to place a guard on the milling machine was the result of another employee's negligence, and that "by suing [American Greetings] in a civil action, Avis [is] tangently [sic] suing the other person who caused his injuries, allowing him to proceed with his negligence claim here." Pl.'s Resp. to Def.'s Mot. for Summ. J. (DN 40) at 3. This argument fails. Avis is not suing a third party, either directly or

tangentially: he is suing only his employer, American Greetings. The statute Avis cites and the Workers' Compensation Act in general do not contemplate such an action, and American Greetings is therefore entitled to summary judgment on Avis' negligence claim.

**II. Avis' KOSHA Claim**

It is not entirely clear whether Avis is attempting to bring a private KOSHA claim. *Compare* Pl.'s Compl. ¶ 4 ("[T]he failure of Defendant to provide the required safety device constituted a violation of KRS 338.031.") *with* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2 (incorporating alleged KOSHA violation with negligence argument as evidence of negligence per se). To any extent that Avis is doing so, American Greetings is entitled to summary judgment on his claim. KOSHA, standing on its own, does not create a private right of action for a violation of one of its provisions. *Hargis v. Baize*, 169 S.W.3d 36, 45 (Ky. 2005). Thus, Avis' KOSHA claim, to the extent it is independent of his negligence claim, must be dismissed.

**III. Avis' KEOA Claim**

The KEOA states, in relevant part, that "no employer shall fail or refuse to hire, discharge, or discriminate against any individual with a disability with respect to wages, rates of pay, hours, or other terms and conditions of employment because of the person's physical disability. . . ." KY. REV. STAT. § 207.150(1). To establish a prima facie case of disability discrimination under the KEOA, a plaintiff must demonstrate that (1) he is a physically disabled person within the meaning of the Act and (2) that he was discharged because of his physical disability. *Turner v. Leggett & Platt, Inc.*, No. 5:08-CV-001130-TBR, 2008 U.S. Dist. LEXIS 79972 at *8–*9 (W.D. Ky. Oct. 7, 2008) (citing *Whitlow v. Ky. Mfg. Co.*, 762 S.W.2d 808, 809 (Ky. App. 1988)).

The Act defines "physical disability" as "the physical condition of a person whether congenital or acquired, which constitutes a substantial disability to that person and is demonstrable by medically accepted clinical or laboratory diagnostic techniques." KY. REV. STAT. § 207.130(2). Avis has not shown that his condition meets this definition. The undisputed facts in the record show that Avis was able to return to his pre-injury job following a short period of time off and a few months of light-duty work. Furthermore, Avis stated in deposition testimony that, as of September 2008, he was able to write, care for himself, reach, use tools, feed himself, and drive a car. Avis also stated that he is able to engage in recreational activities such as hunting, fishing, camping, horseback riding, and motorcycle riding. Because the record shows that Avis is able to carry out domestic, work, and recreational activities, the court finds that he has not shown the loss of parts of two fingers constitutes a "substantial disability" under the KEOA. *See also Burge v. PPG Indus.*, No. 3:07-CV-246-H, 2008 U.S. Dist. LEXIS 72777, at *12 (W.D. Ky. Sept. 23, 2008) (finding that a plaintiff who could "carry on normal activities such as bathing himself, doing chores, and engaging in normal relations with his family" would not suffer from a "substantial disability" under the KEOA).[3] American Greetings' motion for summary judgment on Avis' KEOA claim will be granted.

**CONCLUSION**

---

[3]Avis argues that he "suffers pain to this date," "has difficulty grasping objects with his right hand," and suffers embarrassment when people look at his hand. He also stated in deposition testimony that he is unable to ride his motorcycle for long distances, although he is able to ride it for short periods of time. None of these facts, even if true, establish the existence of a substantial disability. Avis has not shown that the pain or trouble grasping objects are so severe as to interfere with his abilities to work or care for himself, and embarrassment does not constitute a "physical disability."

For the foregoing reasons, the court will grant the defendant's motion for summary judgment on plaintiff's claims. A separate order will issue in accordance with this opinion.